# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Debra Chambers-English

Plaintiff,

-AGAINST-

UNISYS CORPORATION

Defendants.

**COMPLAINT
AND
JURY DEMAND**

05 CV DOCKET: 2976

## NATURE OF THIS ACTION

This is an action brought by the plaintiff for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to the plaintiff pursuant to 42 U.S.C. §1981 and for violations of New York State Executive Law §296 and the New York City Administrative Code §8-502.

## JURISDICTION

Jurisdiction over this action is conferred upon this Court pursuant to 28 U.S.C. §§1343 (3) and 1343 (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 U.S.C. §2201, and pursuant to 42 U.S.C. §1981. The Court's pendent jurisdiction for claims arising under state law also are invoked.

## VENUE

Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. Section 1391 (b) and (c) because the defendants have sufficient contacts to be subject to personal jurisdiction in the district.

1

## PLAINTIFF

The plaintiff is Debra Chambers-English. Debra Chambers-English is a woman of African-American descent. Ms Chambers-English began working for Unisys Corporation in 1998.

## DEFENDANTS

The defendants are the Unisys Corporation.

## FACTUAL ALLEGATIONS

### COUNT I
### Differential Treatment Because Of Race

1. The plaintiff was promised the opportunity for the position of Quality Assurance Manager in her department in 2001.
2. The company policy was to promote from within and allow people working for the company to apply for open positions before seeking outside of the company for applicants.
3. Instead of fulfilling the aforementioned promise to the plaintiff and following company procedure the defendants, because of the plaintiff's race, hired a person from outside of the company for the position of Quality Assurance Manager in March 2002 and did not inform the plaintiff of the availability of the position or provide her the opportunity to apply for the position.

### COUNT II
### Differential Treatment Because Of Race

4. In August 2002 the plaintiff returned to her job from maternity leave.
5. When she returned her work responsibilities were severely diminished.
6. Prior to leaving for maternity leave the plaintiff had management responsibilities. After she returned the management responsibilities were removed and she was given mundane tasks.
7. A white female manager who was a peer of the plaintiff went on maternity leave at a time contemporaneous with the plaintiff's maternity leave.
8. The white female manager's duties were not diminished upon her return from maternity leave and because of such she was treated differently than the plaintiff because of her race.

2

## COUNT III
### Differential Treatment Because Of Race

9. In 2003 the plaintiff was denied the opportunity for a promotion ostensibly because the role code the plaintiff was placed in was not eligible for a promotion.
10. In 2003 a white male that was a peer of the plaintiff was placed in a role code in which he could be given a promotion notwithstanding the company's claims that for the project managers office of the account that he worked on promotions would not be available.
11. The plaintiff worked in the same project manager's office of the aforementioned white male and she was told that there would not be any promotions for her or anyone else during the period the aforementioned white male received a promotion.
12. The plaintiff was denied a promotion because of her race.

## COUNT IV
### Differential Treatment Because Of Race

13. In 2003 and 2004 many of the plaintiff's management responsibilities were removed and the plaintiff was demoted to a position with limited management responsibilities in spite of her well-regarded performance.
14. White peers of the plaintiff did not suffer diminished management roles during the same period.
15. The plaintiff lost her management responsibilities because of her race.

## COUNT V
### Differential Treatment Because Of Race

16. The plaintiff was promised the opportunity for an Extra Work Project Manager position in her department in 2001.
17. The company policy was to promote from within and allow people working for the company to apply for open positions before seeking outside of the company for applicants.
18. Instead of fulfilling the aforementioned promise to the plaintiff and following company procedure the defendants, because of the plaintiff's race, hired a person from outside of the company for the Extra Work Project Manager in June 2004 and did not inform the plaintiff of the availability of the position or provide her the opportunity to apply for the position.
19. The plaintiff was better qualified than the person that was hired for the aforementioned position and was denied the position because of her race.

## RELIEF REQUESTED

Because of all of the aforementioned acts of racial discrimination perpetrated by the defendants the plaintiff has lost income in the past, prospective earnings in the future, and the benefits and prestige of higher paying positions.

The plaintiff also has become ill and emotionally distraught because of the anguish and stress associated with and caused by the shocking and unlawfully discriminatory acts perpetrated against her by the defendants.

**WHEREFORE**, the plaintiff prays that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and to cause this case to be in every way expedited and upon such hearing to:

1. Declare defendants' conduct to be in violation of the statutes and causes of action alleged herein; and

2. Provide injunctive relief prohibiting defendants from continuing their unlawfully discriminatory behavior against the plaintiff; and

3. Award plaintiff compensatory and punitive damages, front pay, back pay, and lost benefits; and

4. Award plaintiff's costs and attorney's fees; and

5. Grant such other relief as it may deem just and proper.

## JURY DEMAND

The plaintiff demands a trial by jury of all issues of triable fact.

Dated: March 17, 2005

Respectfully Submitted,

STEPHEN T. MITCHELL, P.C.
(SM7098)
*Attorneys for Plaintiff*
225 Broadway, Suite 912
New York, New York 10007
(212) 587-1932

4